**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

REGGIE L. McCOY,

    Petitioner,

v.                                        Case No. 8:90-cr-132-T-17EAJ
                                                                        8:05-cv-1021-T-30EAJ

UNITED STATES OF AMERICA

    Respondent.

_____/

**O R D E R**

On May 11, 2005, Petitioner filed a petition for writ of habeas corpus in the United States District Court, Central District of California, pursuant to 28 U.S.C. § 2241 (Dkt. 2 at 1). The matter was transferred to this district on March 31, 2005, because Petitioner is "[a] prisoner in custody under sentence of a court established by Act of Congress" and his conviction was entered in this district by The Honorable Elizabeth A. Kovachevich on June 1, 1991.  Case No. 8:90-CR-132-T-17EAJ (M.D. Fla. 1991).  Thus, Petitioner's request for collateral relief is governed by § 2255. *See also Sawyer v. Holder*, 326 F.3d 1363, 1365 n. 3 (11th Cir. 2003).

On January 11, 2005, Petitioner's § 2255 motion was denied as successive. *See* Case No. 8:05-CV-10-T-17EAJ (2005). Petitioner has not shown that the remedies available under § 2255 are ineffective or unavailable. *See Sawyer*, 326 F.3d at 1365; *Wofford v. Scott*, 177 F.3d 1236 (11th Cir. 1999).  Although Petitioner's prior action was brought pursuant to §2255, the preclusion against second or successive petitions still

applies to this §2241 petition. *Id.* at 1245 (a petitioner will not be allowed "to use § 2241 simply to escape the restrictions on second or successive §2255 motions.").

On Pursuant to 28 U.S.C. § § 2255 and 2244(b)(3)(A), as amended by the Antiterrorism and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A). A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. *See In re Blackshire*, 98 F.3d 1293 (11th Cir. 1996).

Since Petitioner has failed to persuade this Court that the remedy under § 2255 is inadequate or ineffective or that he has applied to the court of appeals for an order authorizing this Court to consider his application, the Court is without jurisdiction to entertain his petition for habeas corpus pursuant to § 2241. This case will, therefore, be dismissed without prejudice to allow Petitioner the opportunity to seek said authorization.

ACCORDINGLY, the Court **ORDERS** that:

1. This case is **DISMISSED** without prejudice (**Dkt. 1).**

2. The **Clerk** is directed to send Petitioner the Eleventh Circuit's application form for second or successive habeas corpus petitions under 28 U.S.C. § 2244(b).

3. The **Clerk** shall enter judgment accordingly, terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on November 18, 2005.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Copy furnished to</u>:
*Pro se* Petitioner

SA:jsh