UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.  CASE NO. 8:90-CR-132-T-17AAS

REGINALD L. McCOY.

_____/

ORDER

This cause is before the Court on:

Dkt. 1099  Motion Requesting Modification or Reduction in Term of Imprisonment or Sentence Pursuant to Title 18 U.S.C. Sec. 3582(c)(1)(2) and Amendment 591
Dkt. 1106  Response

Defendant Reginald L. McCoy, pro se, moves for modification or reduction of Defendant's sentence pursuant to 18 U.S.C. Sec. 3582(c)(1)(2) and Amendment 591.

I. Background

After a jury trial, Defendant Reginald L. McCoy was convicted of Counts One and Two of the Superseding Indictment, violations of 21 U.S.C. Sec. 846 and 21 U.S.C. Sec. 841(a)(1), Conspiracy to Possess with Intent to Distribute 50 Grams or More of Cocaine Base, and Possession with Intent to Distribute 50 Grams or More of Cocaine Base, a class A felony.

Defendant McCoy was sentenced on July 1, 1991 to a term of life imprisonment as to Counts One and Two, concurrent, and a 10 year term of supervised release as to Counts One and Two, concurrent. (Dkts. 438, 447). Defendant McCoy had two prior felony drug convictions. (Dkt. 1096, p. 11).

Case No. 8:90-CR-132-T-17AAS

The PSR reflects that the conspiracy with intent to distribute involved 3126.8 grams of cocaine base., and the amount of cocaine based involved from May 12, 1990 until May 31, 1990 (the period of time Defendant McCoy was involved in the conspiracy) was approximately 2848.5 grams of cocaine base, converting to 2.8 kilograms of cocaine base. In accordance with the drug quantity table in USSG Sec. 2D1.1(a)(3), a base offense level of 38 is applied to an amount of cocaine base at least 1.5 kilograms, but less than 5 kilograms. Defendant McCoy's base offense level was 38. (Dkt. 1096, p. 9).

A Specific Offense Characteristic enhancement under USSG Sec. 2D1.1(b)(1) requires a two level increase in offense level if a dangerous weapon was possessed during the commission of the offense). Handguns were found at Retha Williams' residence , a handgun was found at Beverly Williams' residence, and handguns were found at Essie Sanders' residence. Therefore, a two-level enhancement was applied. (Dkt. 1096, p. 10.).

There was a further enhancement for Obstruction of Justice, pursuant to USSG Sec. 3C1.1, Application Note 3(b), resulting in an adjusted Total Offense Level of 42. The PSR reflects that "Information obtained from the Government indicates that the defendant willfully obstructed justice or impeded, or attempted to obstruct or impede, the administration of justice during the prosecution of defendant for the instant offense in that he lied on the stand." (Dkt. 1096, p. 9). No adjustment for Acceptance of Responsibility was applied. (Dkt. 1096, p. 10).

Defendant McCoy's Criminal History category was III. This was based on 2 points for the two prior convictions, and an additional 2 points because Defendant McCoy committed part of the charged offense while under the supervision of the supervision of the Florida Department of Corrections Probation and Parole

Case No. 8:90-CR-132-T-17AAS

Services for the state offense disposed of on September 25, 1989.

Pursuant to 21 U.S.C. Sec. 841(b)(1)(A)(iii), Defendant McCoy was sentenced to a mandatory term of life imprisonment without release. Defendant McCoy's charge included the following, which triggered the mandatory term of life imprisonment:

> (iii) 280 grams or more of a mixture or substance described in clause (ii) which contains cocaine base;
>
> ...
>
> If any person commits a violation of this subparagraph or of section 849, 859, 860, or 861 of this title after two or more prior convictions for a felony drug offense have become final, such person shall be sentenced to a mandatory term of life imprisonment without release and fined in accordance with the preceding sentence...

See 21 U.S.C. Sec. 841(b)(1)(A)(iii).

The Court has reviewed the docket for this case. Defendant McCoy pursued an appeal, and has sought post-judgment reduction of his sentence in various forms many times. All requests for relief have been denied:

| Dkt. | Description |
| --- | --- |
| Dkt. 555 | USCA Order, per curiam, affirmed |
| Dkt. 585 | Order denying Motion to dismiss (Dkt. 573) |
| Dkt. 587 | Order denying Sec. 2255 Motion (Dkt. 574) |
| Dkt. 640 | Order denying Motion to reduce sentence (Dkt. 639) |
| Dkt. 669 | USCA Order affirming judgment (96-2685) |
| Dkt. 671 | Order denying Motions (651, 652, 653, 656, 659, 660, 661, 662, 663, 667) |
| Dkt. 695 | Order denying application for certificate of appealability |
| Dkt. 703 | Order denying construed request for certificate of appealability |
| Dkt. 721 | Order denying Motion for New Trial |
| Dkt. 733 | Order denying Motion to Proceed IFP on appeal |
| Dkt. 750 | Order denying Motion to Vacate, Set Aside or Correct |

Case No. 8:90-CR-132-T-17AAS

| | |
|---|---|
| | Sentence |
| Dkt. 775 | USCA Order denying certificate of appealability (99-2047-H) |
| Dkt. 779 | USCA Order dismissing appeal for failure to pay appellate filing fees (99-14090-H) |
| Dkt. 782 | USCA Order denying leave to appeal IFP (99-11845-H) |
| Dkt. 786 | USCA Order dismissing for failure to appellate filing fees. (99-11845-H) |
| Dkt. 792 | USCA Order affirming denial of new trial (99-2154)(Dkt. 721) |
| Dkt. 797 | Order denying successive Sec. 2255 Motion |
| Dkt. 800 | Order denying motion for certificate of appealability and Motion for Reconsideration |
| Dkt. 806 | Order denying Motion to Proceed IFP on appeal |
| Dkt. 814 | Order denying Motion to Correct Sentence Pursuant to Rule 35(c) |
| Dkt. 815 | Order denying Motion to Dismiss Indictment for lack of subject matter jurisdiction |
| Dkt. 816 | USCA Order denying motion for certificate of appealability (01-12541-J) |
| Dkt. 818 | Order denying Motion To Dismiss for lack of subject matter jurisdiction |
| Dkt. 830 | Order denying successive Sec. 2255 Motion |
| Dkt. 835 | Order denying Motion to Vacate under 18 U.S.C. Sec. 3582 |
| Dkt. 836 | Order denying motion for certificate of appealability |
| Dkt. 838 | Order denying Motion to Vacate Sentence |
| Dkt. 841 | Order denying Motion to Vacate Sentence under 18 U.S.C. Sec. 3582(c)(2) and directing Defendant not to file further motions challenging the validity of his sentence without permission |
| Dkt. 843 | Order denying motion to proceed IFP on appeal |
| Dkt. 845 | Order denying construed motion for certificate of appealability |
| Dkt. 848 | USCA Order denying leave to file successive Sec. 2255 motion (03-15061-J) |
| Dkt. 850 | Order denying motion to proceed IFP on appeal |
| Dkt. 851 | USCA Order terminating appeal because construed motion for certificate of appealability is denied (02-16199-H) |
| Dkt. 852 | USCA Order denying leave to file successive Sec. 2255 motion (03-10065-H) |
| Dkt. 856 | USCA Order denying leave to proceed IFP on appeal because appeal is frivolous (03-10065-H) |
| Dkt. 857 | Order dismissing appeal for failure to pay to pay appellate filing fee (03-10065-H) |
| Dkt. 860 | Order denying leave to file successive Sec. 2255 motion |

4

Case No. 8:90-CR-132-T-17AAS

| | |
|---|---|
| Dkt. 864 | USCA Order denying leave to file successive Sec. 2255 motion (04-11314-F) |
| Dkt. 873 | USCA Order denying leave to file successive Sec. 2255 motion (04-12749-C) |
| Dkt. 875 | Order denying request for certificate of appealability (Dkt. 869) |
| Dkt. 880 | USCA Order dismissing appeal for want of prosecution |
| Dkt. 882 | USCA Order denying leave to file successive Sec. 2255 motion (04-14168-C) |
| Dkt. 883 | USCA Order denying certificate of appealability (04-12497-H) |
| Dkt. 888 | Order denying motion for reconsideration (Dkt. 887) |
| Dkt. 900 | Order denying successive motion to vacate |
| Dkt. 901 | Order denying motion for reconsideration (Dkt. 898) |
| Dkt. 906 | USCA Order dismissing appeal pursuant to motion for voluntary withdrawal (05-10206-H) |
| Dkt. 912 | Order denying Sec. 2241 petition and directing Clerk to send Eleventh Circuit's application for successive habeas corpus petition |
| Dkt. 919 | Order denying Sec. 2255 motion (Dkt. 918) |
| Dkt. 922 | Order denying motion to amend/correct clerical error in PSR |
| Dkt. 930 | Order denying motion to modify (Dkt. 929) |
| Dkt. 932 | Order denying Sec. 2255 motion (Dkt. 931) |
| Dkt. 935 | Order denying Motion Requesting Relief from Operation of Judgment that is Void Pursuant Fed. R. Civ. P. 60(b)(6) |
| Dkt. 937 | Order denying motion for relief from judgment order denying Sec. 2255 motion (Dkt. 936) |
| Dkt. 940 | Order denying successive Sec. 2255 motion (Dkt. 939) |
| Dkt. 945 | Order denying Motion for Retroactive application of the crack guidelines construed as motion for modification fo sentence (Dkt. 942) |
| Dkt. 971 | Order denying Motion to Reduce Sentence re Crack Cocaine Offense - 18:3582 |
| Dkt. 980 | Endorsed Order denying Motion for writ of mandamus (Dkt. 972) |
| Dkt. 984 | Endorsed Order denying Motion to reduce sentence re Crack Cocaine Offense - 18:3582 (Dkt. 983) |
| Dkt. 988 | Order denying motion for certificate of appealability (Dkt. 987) |
| Dkt. 995 | Order dismissing appeal for failure to pay appellate filing fee (08-12362-H) |

Case No. 8:90-CR-132-T-17AAS

| Dkt. 999 | Endorsed Order denying Motion to reduce sentence re Crack Cocaine Offense (Dkt. 998), noting this is the fourth motion of this nature and all previous motions have been denied |
|---|---|
| Dkt. 1001 | Endorsed Order denying motion for writ of mandamus (Dkt. 1000) |
| Dkt. 1003 | Endorsed Order denying Motion to reduce sentence re Crack Cocaine Offense - 18:3582, and directing Defendant to stop filing these motions; the Court has ruled on this issue multiple times |
| Dkt. 1006 | Endorsed Order denying Motion for Sanctions (Dkt. 1004) |
| Dkt. 1008 | Endorsed Order denying motion to reopen sentence (Dkt. 1007) |
| Dkt. 1011 | Endorsed Order denying motion to dismiss indictment (Dkt. 1009) |
| Dkt. 1013 | Endorsed Order denying Motion to reduce sentence re Crack Cocaine Offense - 18:3582 (Dkt. 1012). This is a repetitive motion which the Court has consistently denied; Defendant is directed to desist from filing any further of this type of motion |
| Dkt. 1016 | Endorsed Order denying Motion for authorization and initiation of investigation and prosecution of AUSA (Dkt. 1015) |
| Dkt. 1018 | Endorsed Order denying Motion to Reduce Sentence (Dkt. 1017) |
| Dkt. 1021 | Endorsed Order striking and returning Motion to Reduce Sentence re Crack Cocaine Offense (Dkt. 1019) and Memorandum (Dkt. 1020) |
| Dkt. 1035 | USCA Order dismissing appeal pursuant to motion for voluntary dismiss (11`-10401-F) |
| Dkt. 1026 | USCA Order denying application to file successive Sec. 2255 Motion (11-11008) |
| Dkt. 1029 | Order denying Motion to Vacate (2255)(Dkt. 1027) |
| Dkt. 1036 | Endorsed Order denying without prejudice Motion to Reduce Sentence re Crack Cocaine Offense, 18 U.S.C. Sec. 3582 (Dkt. 1035) |
| Dkt. 1038 | Endorsed Order denying Motion for Hearing (Dkt. 1037) |
| Dkt. 1041 | Endorsed Order denying Motion for Reconsideration (Dkt. 1040) |
| Dkt. 1043 | Order denying Motion to vacate (2255) (Dkt. 1042) |
| Dkt. 1047 | Endorsed Order denying Motion to reduce sentence (Dkt. 1046) |
| Dkt. 1050 | Order denying Motion to vacate (2255) (Dkt. 1048) |

| | |
|---|---|
| Dkt. 1053 | Endorsed Order denying Motion to reinstate direct appeal with permission to raise one claim (Dkt. 1052) |
| Dkt. 1057 | Order denying Motion to vacate (2255) (Dkt. 1054) |
| Dkt. 1059 | Endorsed Order denying Motion to declare sentencing provisions unconstitutional as to crack cocaine offense (Dkt. 1056) |
| Dkt. 1060 | USCA Order denying application to file successive 2255 Motion (12-10328-F) |
| Dkt. 1070 | Order denying Motion to vacate (2255) (Dkt. 1069) |
| Dkt. 1074 | Order denying Motion for court's permission to file 2255 motion (Dkt. 1073) |
| Dkt. 1077 | Order denying Motion to vacate (2255) (Dkt. 1075) |
| Dkt. 1082 | Order denying Motion to vacate (2255) (Dkt. 1081) |
| Dkt. 1084 | Order dismissing Motion to vacate (2255) (Dkt. 1084) |
| Dkt. 1085 | USCA Order denying application to file successive 2255 motion (14-13070-A) |
| Dkt. 1087 | Order denying Motion to vacate (2255) (Dkt. 1086) |
| Dkt. 1090 | Endorsed Order denying Motion to vacate (2255) (Dkt. 1088) |
| Dkt. 1093 | Order denying Motion to vacate (2255) (Dkt. 1092) |
| Dkt. 1097 | USCA Order denying application to file successive 2255 motion (16-15362-J) |
| Dkt. 1098 | USCA Order denying application to file successive 2255 motion (16-16873-J) |
| Dkt. 1103 | Order denying Motion to vacate (2255) (Dkt. 1101) |
| Dkt. 1104 | Order denying Motion to appoint counsel (Dkt. 1100) |

The Court omitted additional endorsed orders denying relief that had no assigned document number.

II. Discussion

A. 18 U.S.C. Sec. 3582(c)(2) and Appendix C Amendment 591

Defendant Reginald L. McCoy requests a modification in the term of imprisonment or reduction in sentence pursuant to 18 U.S.C. Sec. 3582(c)(2) and

Case No. 8:90-CR-132-T-17AAS

Appendix C, Amendment 591.

Defendant McCoy refers to 18 U.S.C. Sec. 3582(c)(1), but there is no motion from the Director of the Bureau of Prisons; the Court therefore construes Defendant's Motion as a motion pursuant to 18 U.S.C. Sec. 3582(c)(2). Defendant McCoy argues that Amendment 591 requires that the initial selection of the offense guideline be based on the statute or offense of conviction rather than on a judicial finding of actual conduct not made by the jury. (Dkt. 1099, p. 2).

Amendment 591 is among the amendments listed in USSG 1B1.10 (c) which are covered by the policy statement; Amendment 591 applies retroactively. Amendment 591 altered U.S.S.G. Sec. 1B1.1(a) to instruct the district court to "[d]etermine, pursuant to 1B1.2 (Applicable Guidelines, the offense guideline section from Chapter Two (Offense Conduct) applicable to the offense of conviction" and altered U.S.S.G. Sec. 1B1.2(a) to instruct the sentencing court to "[r]efer to the Statutory Index (Appendix A) to determine the Chapter Two offense guideline, referenced in the Statutory Index for the offense of conviction." U.S.S.G. App. C, Amend. 591. This amendment was designed, in part, to rectify confusion among circuits as to whether the sentencing court should apply the guideline section referenced in the Statutory Index for the statute of conviction or select the guideline section based on the defendant's actual conduct, even if uncharged. U.S.S.G. App. C, Amend. 591, Reason for Amendment.

The PSR reflects that the guideline for 21 U.S.C. Sec. 841(a)(1) is Sec. 2D1.1. (Dkt. 1096, p. 6). The Court finds there is no error in the selection of the applicable offense guideline.

In <u>United States v. Moreno</u>, 421 F.3d 1217, 1220 (11th Cir. 2005), the Eleventh Circuit Court of Appeals agreed with the reasoning of other circuits which

8

hold that Amendment 591 applies only to the selection of the relevant offense guideline, not the selection of a base offense level within the applicable offense guideline. The Eleventh Circuit Court of Appeals looked to United States v. Rivera, 293 F.3d 584, 586 (2d Cir. 2002), and United States v. Hurtado, 374 F.3d 38, 40-41 (1st Cir. 2004).

Under 18 U.S.C. Sec. 3582(c)(2), the Court may reduce the sentence of a "defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. Sec. 994(o)". The grounds upon which the Court may reduce a defendant's sentence pursuant to Sec. 3582(c)(2) are narrow. The Sentencing Commission must have amended the Sentencing Guidelines pursuant to 28 U.S.C. Sec. 994(o), that guideline amendment must have lowered the defendant's sentencing range, and it must also be one that is listed in U.S.S.G. Sec. 1B1.10(c).

Where a retroactively applicable guideline amendment reduces a defendant's base offense level, but does not alter the sentencing range upon which his or her sentence was based, Sec. 3582(c)(2) does not authorize a reduction in sentence. U.S. v. Moore, 541 F.3d 1323, 1330 (11th Cir. 2008). A reduction is not authorized if the amendment does not actually lower a defendant's applicable guidelines range "because of the operation of another guideline or statutory provision" such as a **statutory mandatory minimum** prison term. (Emphasis added). U.S.S.G. Sec. 1B1.1.10 cmt. n. 1(A).

In this case, Defendant McCoy's sentence was life imprisonment, based on Defendant McCoy's two prior felony drug convictions, in conjunction with Defendant McCoy's conviction on Counts One and Two. Because the statutory mandatory minimum sentence was greater than the otherwise applicable guideline range (360

Case No. 8:90-CR-132-T-17AAS

months to life) the statutory mandatory minimum of life imprisonment became the guidelines range of life in prison. See U.S.S.G. Sec. 5G1.1(b). This is the guidelines range the PSR recommended, and the Court adopted that recommendation. (Dkt. 1096, p. 13, par. 52).

After consideration, the Court denies Defendant McCoy's Motion to Modify or Reduce Sentence.

B. Apprendi Claim

Defendant McCoy contends that there was no jury determination as to:
1) death or serious bodily injury resulting from use or distribution of cocaine base;
2) the presence of dangerous weapons connected to Defendant's drug offense;
3) perjury or obstruction of justice. Defendant McCoy argues that he did not stipulate to any fact under the guidelines as elements of the offense of conviction.

The Court notes that Defendant McCoy has raised his Apprendi claim previously, but relief has been denied. The Eleventh Circuit Court of Appeals has repeatedly denied Defendant McCoy's requests for leave to file a successive Sec . 2255 petition, and other courts have repeatedly denied relief when Defendant McCoy pursued this claim in a habeas petition, and, upon denial of relief, as a successive Sec. 2255 petition. See, e.g., Reginald L. McCoy v. United States, 54 Fed. Appx. 796 (5th Cir. 2002); McCoy v. Miner, 230 Fed. Appx. 138 (3rd Cir. Apr. 24, 2007); McCoy v. Miner, 245 Fed. Appx. 194 (3rd Cir. Aug. 20, 2007).

C. Defendant's Requests for Relief Already Denied

Defendant McCoy has repeatedly filed motions that request relief that this Court has already denied. The Court has cautioned Defendant McCoy not to file

10

Case No. 8:90-CR-132-T-17AAS

the same motion after the Court has ruled. Other courts have also cautioned Defendant McCoy:

> McCoy is cautioned that the district court's dismissal of his complaint and the dismissal of this appeal both count as "strikes" under 28 U.S.C. Sec. 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). McCoy is also advised that if he accumulates three strikes, he will be barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. Sec. 1915(g). McCoy is advised to review any pending pleadings or appeals to ensure that they do not raise frivolous claims.

See McCoy v. Casterline, 101 Fed. Appx. 562 (5th Cir. June 23, 2004). A list of the cases which Defendant McCoy has initiated is attached to this Order (Exhibit A)..

Although Defendant McCoy is proceeding pro se, Defendant McCoy remains subject to the Court's rules of procedure (Federal Rules of Criminal Procedure, Federal Rules of Civil Procedure, the Local Rules of the Middle District of Florida).

After consideration, the Court directs Defendant Reginald L. McCoy to comply with the applicable rules of procedure. Failure to comply may result in the entry of an order that restricts Defendant McCoy's ability to seek relief in this Court without pre-filing review of each motion, or Defendant McCoy may become subject to other sanctions. Accordingly, it is

**ORDERED** that pro se Defendant Reginald L. McCoy's Motion Requesting Modification or Reduction in Term of Imprisonment or Sentence Pursuant to Title 18 U.S.C. Sec. 3582(c)(1)(2) and Amendment 591 (Dkt. 1099) is **denied**. It is further

**ORDERED** that pro se Defendant Reginald L. McCoy **shall comply** with the applicable rules of procedure; failure to comply may result in the entry of an order that restricts Defendant McCoy's ability to seek relief in this Court without pre-filing review of each motion, or Defendant McCoy may become subject to other sanctions.

**DONE and ORDERED** in Chambers in Tampa, Florida on this 5th day of September, 2018.

ELIZABETH A. KOVACHEVICH
United States District Judge

Copies to:

AUSA James Preston

Pro Se Defendant:

Reginald L. McCoy
11732-018
USP Lewisburg
U.S. Penitentiary
P.O. Box 1000
Lewisburg, PA    17837