UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

v.                                                                  Case No: 8:90-cr-132-T-36AAS

REGINALD L. MCCOY
_____/

**<u>ORDER</u>**

This matter comes before the Court on Defendant Reginald L. McCoy's motions for a reduction in his sentence pursuant to the First Step Act of 2018.[1] Docs. 1125, 1127, 1130, 1132, 1138, 1143,[2] and their supplements at Docs. 1137, 1149, 1150, 1156, 1159, 1160, 1161, 1163, 1164, 1165, 1168, 1170, 1181.  The Government filed a response in opposition. Doc. 1153.  In the motions, Defendant argues that he is entitled to a reduction in his sentence to time served, pursuant to the First Step Act of 2018. A telephonic hearing was held on October 1, 2021, which counsel and Defendant attended. The Court, having considered the motions and other supplemental filings,

---

[1] Although several of Defendant's motions where titled "emergency," the Court reviewed the motions and determined the facts alleged did not warrant emergency consideration. *See* Doc. 1145.

[2] The Court notes that several of Defendant's motions were filed by him while he was represented by counsel. Specifically, the motions for a reduction in his sentence pursuant to the First Step Act at Docs. 1125, 1127, and 1130 were filed while Defendant was represented by the Public Defender's Office. As such, the motions should be stricken. The motion at Doc. 1132 was filed by Defendant the same day the Court permitted counsel to withdraw. On January 5, 2021, the Court reappointed counsel to represent Defendant. Defense counsel has filed a memorandum supplementing (Doc. 1160) Defendant's *pro se* motions. Even if Defendant's improperly filed *pro se* motions are considered on their merits, they nevertheless fail.

1

heard argument of counsel, and being fully advised in the premises, will deny Defendant's motions under the First Step Act for a reduction in his sentence.

## BACKGROUND

On July 1, 1991, a jury found Defendant Reginald L. McCoy ("Defendant" or "McCoy") guilty of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). Doc. 1112. According to the Presentence Investigation Report ("PSR") which was adopted by the Court as factual findings, Defendant was "accountable for approximately 2848.5 grams of crack cocaine." Doc. 1153. Due to Defendant's prior cocaine convictions, the quantity of drugs involved in the conspiracy, and the possession of firearms during the commission of the offense, Defendant's total offense level was forty-two and his criminal history category was III, resulting in a guidelines range of 360 months to life in prison. *Id.* But, because of the enhanced statutory penalty, Defendant faced a mandatory sentence of life in prison, which the Court imposed. *Id.*

Defendant has filed various motions, proceeding *pro se* and through counsel, seeking a reduction in his life sentence pursuant to Section 404 of the First Step Act of 2018. *See* Docs. 1112, 1113, 1115, 1119, 1122, 1125, 1127, 1130, 1132, 1138, and 1143.³ On December 22, 2020, the United States Probation Office filed an amended

---

³ The motions at Docs. 1112, 1113, 1115, 1119 and 1122 have been denied. *See* Docs. 1118, 1120, 1124.

eligibility memorandum, reiterating that Defendant is not entitled to a reduction in his sentence because "[r]etroactive application of the Fair Sentencing Act does not reduce the applicable penalties" even under *Jones*.[4] Doc. 1152. Defendant acknowledges that the Probation Office's eligibility memorandum indicates Defendant is ineligible for relief under Section 404 of the First Step Act because of the quantity of crack cocaine for which he was held accountable. Doc. 1160 (citing Doc. 1152). On December 23, 2020, the Government filed its response in opposition to Defendant's motions. Doc. 1153. In response, the Government argues

> This Court lacks authority to reduce [Defendant's] sentence because he remains subject to a statutory minimum penalty of life. Even if this Court had authority to reduce his sentence, however, it should not do so given the drug quantity for which he was responsible and his lengthy prison disciplinary record.

*Id.* at 1. The Government notes Defendant's prison disciplinary history includes at least 95 infractions, many of which are sexual or dangerous in nature. *Id.* At the hearing, the Government represented there have been additional disciplinary infractions by Defendant since the filing of its response. Thus, the Government urges that given the amount of crack cocaine involved in Defendant's offense, he is not entitled to a reduction in his sentence, but even if he were, the Government urges the section 3553(a) factors militate against a discretionary reduction in Defendant's sentence.

---

[4] *United States v. Jones*, 962 F.3d 1290 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021).

## DISCUSSION

Subject to a few exceptions, "[t]he court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One exception is that "in any case . . . the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute." *Id.* § 3582(c)(1)(B). The Fair Sentencing Act was enacted to "restore fairness to Federal cocaine sentencing." Fair Sentencing Act of 2010, Pub. L No. 111-120, 124 Stat. 2372 (2010).

In relevant part, Section 2 of the Fair Sentencing Act revised the minimum amount of crack cocaine that triggers an increase in the penalty range as prescribed in 21 U.S.C. §§ 841(b)(1)(A) and (b)(1)(B)—changing 50 grams to 280 and 5 grams to 28. *Id.* §§ 2(a)(1), 2(a)(2). Although not initially retroactive, these sections of the Fair Sentencing Act were made retroactive by § 404 of the First Step Act of 2018, which provides that "[a] court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 . . . were in effect at the time the covered offense was committed." First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222 (2018). "Covered offense" is defined in the First Step Act as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id.* § 404(a). Relief under the First Step Act is within the court's discretion. Section 404

specifically provides that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

The Eleventh Circuit has held that a defendant's offense is a "covered offense" under the First Step Act "if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act." *United States v. Jones*, 962 F.3d 1290, 1298 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635 (2021). Here, there is no dispute that Defendant's convictions in Counts One and Two of the Indictment are "covered offenses." "But a movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can reduce his sentence. Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Id.* at 1290 (quoting the First Step Act § 404(b)).

Prior to the trial, the Government provided notice to Defendant that he was facing an enhanced penalty of life imprisonment based upon his prior cocaine convictions. *See* Doc. 992 at 27 (referencing Doc. 249). The jury found Defendant guilty on both counts. *Id.* (referencing Doc. 398). The Probation Office, in the PSR, held Defendant accountable for 2848.5 grams of crack cocaine, far in excess of the 280-gram threshold that triggers the section 841(b)(1)(A) penalties of ten years to life. *See* Doc. 1096 at 9. At the sentencing hearing, the Court adopted the PSR. Doc. 1153 (citing Doc. 447). Given Defendant's prior criminal history, Defendant faced an enhanced penalty and was sentenced to a mandatory life sentence. Defendant's convictions and sentence have been affirmed on appeal. Doc. 992 (referencing Doc. 555). If sentenced under current guidelines, Defendant would still be subject to the

enhanced penalties in 21 U.S.C. § 841(b)(1)(A) given the quantity of crack cocaine for which Defendant was held accountable.

Defense counsel's argument that Defendant did not have notice of the enhanced penalties is without merit as the Government provided such notice under 21 U.S.C. § 851. Further, the Court is not inclined to stray from the holding in *Jones,* as suggested by Defendant,[5] who argues that *Jones* was wrongly decided with respect to the applicability of *Apprendi*. In *Jones,* the Eleventh Circuit held that district courts are "bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing," even if such finding is based on judicially-found facts in a pre-*Apprendi* sentencing.[6] *Jones*, 962 F.3d at 1303. In affirming the district courts' orders denying a reduction in sentence for defendants Jones and Jackson, the Eleventh Circuit concluded that the district courts did not err in refusing to allow Jones to relitigate his Judge-determined drug quantity finding and did not err in not reducing Jackson's sentence because his drug-quantity finding meant that he would face the same statutory penalty of life imprisonment under the Fair Sentencing Act. *Id.* at 1304. Because McCoy is already serving "the lowest statutory

---

[5] Defendant argues *Jones* was wrongly decided and gives rise to unwarranted sentencing disparities. Doc. 1160 at 7–8.
[6] The *Jones* jury made no specific drug-quantity finding because *Jones* was prosecuted before the *Apprendi* Court made clear that drug-quantity findings that increase a defendant's punishment must be made by a jury based on a standard of proof of beyond a reasonable doubt. *United States v. Jones*, 962 F.3d 1290, 1293 (11th Cir. 2020), *cert. denied*, 141 S. Ct. 2635, 209 L. Ed. 2d 758 (2021) (citing *Apprendi v. New Jersey*, 530 U.S. 466, 490, (2000)).

penalty that also would be available to him under the Fair Sentencing Act," this Court lacks authority to reduce his sentence. *See Jones*, 962 F.3d at 1303.

Even if the Court had discretion to reduce Defendant's sentence, however, consideration of the § 3553(a) factors[7] counsels against a sentence reduction here. The significant quantity of crack cocaine for which Defendant was held accountable weighs against a reduction in Defendant's sentence. And just as significant are the ongoing and excessive disciplinary infractions committed by Defendant, which evidence a lack of respect for the law. According to the Bureau of Prisons, McCoy has engaged in numerous sexual acts, made sexual threats, possessed dangerous weapons, threatened bodily harm, and fought and assaulted others resulting in serious injury. The Government provides a listing of 95 prison disciplinary infractions by Defendant, 47 of which are designated as high-level prohibited acts. *See* Doc. 1153-1. Such conduct supports a finding that Defendant would be a danger to the public if released and would likely recidivate.

---

[7] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

As noted above, several of Defendant's *pro se* motions are due to be stricken because they were filed when Defendant was represented by the federal defender. However, because defense counsel has filed a memorandum supplementing each of the previously filed *pro se* First Step Act motions, and the motions raise the same or similar arguments, the Court has addressed the motions together and finds that they are due to be denied because the Court lacks the authority to reduce Defendant's statutory penalty of a life sentence where he remains subject to the same sentence due to the drug quantity involved in his offense. Even if the Court had discretion to reduce Defendant's sentence, the Court has considered the § 3553(a) factors and has found that a reduction in Defendant's sentence is inappropriate.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion to Supplement *Pro Se* First Step Act Motion for Reduction of Sentence (Doc. 1125) is **DENIED**.

2. Defendant's Motion to Reduce Sentence Pursuant to First Step Act of 2018 (Doc. 1127) is **DENIED**.

3. Defendant's Emergency Request to Proceed on First Step Act *Pro Se* Motion (Doc. 1130) is **DENIED**.

4. Defendant's Supplemental Eligibility Argument to *Pro Se* First Step Act Motion to Reduce Sentence under Section 404(b) (Doc. 1132) is **DENIED**.

5. Defendant's Emergency Motion Requesting Prompt Disposition of FSA of 2018 Reduction of Sentence Under Section 404(b) and 18 U.S.C. § 3582(a)(1)(B) (Doc. 1138) is **DENIED**.

6. Defendant's Motion to Reduce Sentence Pursuant to Section 404 of the First Step Act of 2018 (Doc. 1143) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on October 29, 2021.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of record
Unrepresented parties