UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:90-cr-00132-CEH-AAS

REGINALD MCCOY

### UNITED STATES' RESPONSE IN OPPOSITION TO REGINALD MCCOY'S MOTION FOR COMPASSIONATE RELEASE

The United States opposes defendant's motion for compassionate release. (Doc. 1208) and his supplemental motion (Doc. 1212), on both procedural and substantive grounds. Defendant has no medical conditions or other circumstances that are extraordinary and compelling for the Court to even consider. Procedurally, he does not even allege any medical conditions that would warrant relief under a theory of compassionate release. He simply reiterates the same arguments he has previously made in prior pleadings, that he should be released from prison because he has served enough time. (Doc 1208). Even if defendant had procedurally alleged any medical conditions warranting review, defendant continues to represent a danger to the community and the 18 U.S.C. § 3553(a) factors do not support his early release from incarceration. Defendant's motion should be dismissed because he has not specified any reasons for relief nor exhausted his administrative remedies. The United States provides this response for the Court's review, but there are no medical issues to address. Defendant has not specified any in his motion.

I.      Background

Defendant is serving a life sentence.   He has previously appeared before this Court seeking relief from that sentence.   This Court (after a telephonic hearing wherein defendant had the benefit of counsel) has previously denied his requests for a reduction in sentence.   He has now filed an additional motion that is procedurally defective, as a mechanism to raise the same issues again.

II.     Memorandum of law

A district court has no inherent authority to modify a sentence; it may do so "only when authorized by a statute or rule." *United States v. Puentes*, 803 F.3d 597, 606 (11th Cir. 2015). One of those statutes is 18 U.S.C. § 3582(c)(1)(A), which permits a court to reduce a term of imprisonment if the court determines that (1) "extraordinary and compelling reasons warrant such a reduction," (2) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) the § 3553(a) sentencing factors weigh in favor of a reduction. *Id; see also United States v. Tinker*, 14 F.4th 1234, 1237 (11th Cir. 2021).

The Sentencing Commission's applicable policy statement, set forth in USSG §1B1.13, defines "extraordinary and compelling circumstances" for purposes of section 3582(c)(1)(A), and it is binding on the courts. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Under section 1B1.13, there are four circumstances under which "extraordinary and compelling reasons" may render a defendant eligible for a sentence reduction: (1) the defendant is suffering from a terminal illness or a medical condition that "substantially diminishes the ability of the defendant to

provide self-care within the environment of a correctional facility and from which he or she is not expected to recover," (2) advanced age plus length of term already served, (3) family circumstances that result in "[t]he death or incapacitation of the caregiver of the defendant's minor child" or "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner," and (4) a catch-all provision restricted to other reasons "as determined by the Director of the Bureau of Prisons" to be extraordinary and compelling. USSG §1B1.13, comment. (n.1 (A)–(D)); *see Bryant*, 996 F.3d at 1248.

A court may not reduce a sentence based on a motion for compassionate release unless a reduction would be consistent with section 1B1.13. *Bryant*, 996 F.3d at 1248. Accordingly, the catch-all provision does not grant a court the discretion "to develop 'other reasons' that might justify a reduction in a defendant's sentence." *Id.* That provision is operative only if the BOP has determined that a reason "outside those explicitly delineated by the Commission [is] extraordinary and compelling." *Id.* at 1265.

If the court finds that an extraordinary and compelling reason exists, it still may not reduce the defendant's term of imprisonment under section 3582(c)(1)(A) unless it also finds that the defendant's release would not endanger the community and that the factors listed in 18 U.S.C. § 3553(a) favor compassionate release. *Tinker*, 14 F.4th at 1237. If the defendant fails to establish any of the three requirements, the court is not required to analyze the other requirements and cannot grant relief. *See*

3

*United States v. Giron*, 15 F.4th 1343, 1348 (11th Cir. 2021).

The defendant, as movant, bears the burden of establishing entitlement to relief under section 3582. *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014) (addressing a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2)). The defendant may move for compassionate release after "fully exhaust[ing] all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *See United States v. Harris*, 989 F.3d 908, 909–10 (11th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The exhaustion requirement is "mandatory, in the sense that a court must enforce the rule if a party properly raises it." *Harris*, 989 F.3d at 911 (internal quotation marks omitted).

### III.  McCoy's compassionate release motion

    A.    Defendant does not state any medical conditions that would even allow the Court to consider his motion.  As such, the Court should deny his motion as procedurally defective.  As is necessary in compassionate release motions, the defendant must first seek administrative relief from the Warden of the prison to which he is assigned.  A defendant must clearly petition and articulate the reasons for his release to the Warden and exhaust all administrative remedies available to him.  In this case, defendant has not 1) identified any medical conditions nor, 2) made any petitions to the Warden based on any medical conditions.  As such,

defendant has not even attempted to seek administrative relief for medical issues that would justify compassionate release. In defendant's own supplemental pleading, he actually provides the letter from the Warden indicating that defendant has not presented any "specific reasons for your request." (Doc. 1212) The reason, of course, is that he has no medical conditions that would justify such release.

B. Extraordinary and compelling circumstances are not raised by defendant in his motion for compassionate release. His pleading is simply the same legal arguments previously denied by this Court. Defendant does not address any medical conditions or impairments that he is currently suffering that would require compassionate release. Defendant only re-addresses legal issues that the Court has previously addressed and denied. Defendant does not seek release based on medical conditions, advanced age, or family circumstances. For the Court's review, a request for compassionate release based on family circumstances would require the following:

Family Circumstances:

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

USSG §1B1.13, comment. (n.1(A)–(D)).

Here, defendant requests a reduction of his sentence based only on legal grounds that have already been raised and ruled upon by this Court. Defendant's motion for compassionate release is simply another pleading addressing the same issues that he has previously raised, with benefit of counsel.

This Court may find extraordinary and compelling circumstances based only on the reasons in section 1B1.13, *see Bryant*, 996 F.3d at 1248, 1265, and defendant has not provided any justifiable reason for the Court to even consider his motion. Defendant has not established the requisite extraordinary and compelling circumstances, this Court may not grant his motion.

### C. Danger to the community

Defendant has not provided nor established any extraordinary and compelling circumstances within the meaning of section 1B1.13. Moreover, even if he had, he still remains a danger to the community based on his numerous violations within the Bureau of Prisons. Defendant continues to violate the policies of the Bureau of Prisons as is evidenced by his disciplinary inmate records. Those records have previously been provided to the Court in responses to defendant's previous pleadings. However, they are again being provided to the Court **under seal** as updated records. (Attachment A). Despite the fact that defendant published some of these records already as part of his supplemental pleading (Doc. 1212), the United States will still attempt to protect his privacy rights, and therefore file the records

6

**under seal** for the Court's review.   Defendant should not be granted a reduction of his sentence because he remains a danger to the community.

   D. Factors in 18 U.S.C. § 3553(a)[1]

Finally, this Court should not grant defendant a reduction of his sentence because the applicable sentencing factors in section 3553(a) weigh against release. Defendant was convicted of a serious offense, he is serving a life sentence, and his disciplinary records demonstrate his continued non-compliance with rules and policies.

---

[1] The factors in section 3553(a) are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

THEREFORE, this Court should deny defendant's motion for compassionate release because his pleading is procedurally defective, he does not state a medical condition for such a request and therefore has not exhausted administrative remedies as required, and further continues to pose a danger to the community.

Respectfully submitted,

ROGER HANDBERG
United States Attorney

By: /s/ *Maria Guzman*
Maria Guzman
Assistant United States Attorney
Florida Bar No. 053325
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Maria.Guzman@usdoj.gov

U.S. v. Reginald MCcoy            Case No. 8:90-cr-00132-CEH-AAS

## CERTIFICATE OF SERVICE

I hereby certify that on July 20, 2022, a true and correct copy of the foregoing document and the notice of electronic filing were sent by United States Mail to the following non-CM/ECF participant(s):

Reginald L. McCoy
Register Number 11732-018
USP Atwater, P.O. Box 019001
Atwater, CA   95301

           */s/ Maria Guzman*
           Maria Guzman
           Assistant United States Attorney
           Florida Bar No. 053325
           400 N. Tampa Street, Suite 3200
           Tampa, Florida 33602-4798
           Telephone: (813) 274-6000
           Facsimile: (813) 274-6358
           E-mail: Maria.Guzman@usdoj.gov