In The United States district Court For The
Middle District Of Florida
Tampa Division

Case No. 8:90-CR-00132-CEH-AAS

Reggie L. McCoy,

    Petitioner,

v.

United States of America,

    Respondent.

---------------------------/

SUPPLEMENTAL RESPONSE MEMORANDUM OF LAW AND AUTHORITY TO COMPASSIONATE RELEASE MOTION. PURSUANT TO 18 U.S.C. § 3582(c)(i)(B) AND FED. CIV. P. RULE 15 (d).

------------------------------------------

 Comes Now, Reggie L. McCoy, Pro se Litigant pursuant to the above captioned, and moves this hon. district court to consider case law of similarly situated defendants granted compassionate release under § 401(a)(2) of the First Step Act of 2018, Pub. L. No. 115-220, 132 Stat. 5194, 5220-21, Dec.21, 2018, to prevent unwarranted sentencing disparities between defendants with similar records when considering his motion under Title 18 U.S.C. § 3553(a).

INTERVENING CASE LAW

--------------------

1.

1. United States v. Edwards, 2022 U.S. Dist. Lexis 88603 (WDV May 17, 2022).

2. United States v. Kaimana, 2022 U.S. DIST. Lexis 47435 (DOH March 18, 2022).

3. Gregory v. United States, 2022 U.S. list. Lexis 71640 (WDV April 18, 2022).

4. United States v. Rutkowski, 2022 U.S. Dist. Lexis 90106 (DOH May, 19, 2022).

PURPOSE OF SUPPLEMENT:
----------------------

Each of these cases demonstrates that district courts are granting compassionate release on the basis of § 401(a)(2) of the First Step Act of 2018 clarification of prior drug convictions, where Congress changed the definition of "felony Drug Offense" to "Serious Drug Offense" and "violent Felony" to 'Serious Violent Felony" and the Mandatory maximum sentence of life imprisonment and 10 supervised release to not more than 25 years imprisonment and 8 years supervised release.

This intervening change in the law not only redefines the predicate crime but also invalidates the predicate convictions as a qualifying prior felony drug conviction as required under 18 U.S.C. § 924(e)(2)(A)(ii) "Serious Drug Felony" clause for purposes of 21 U.S.C. § 841(b)(1)(A)-(C) and § 851(a)(1) enhancements. Therefore, under today's law, McCoy would not be sentenced to a mandatory term of life imprisonment and 10 years supervised release but would be sentenced to the minimum term of 25 years imprisonment and 8 years supervised release under 21 U.S.C. § 841(b)(1)(A)(iii) and § 851(a)(2). And this

2.

court should give full faith and credit to these decisions when reviewing and determining the merits of McCoy's motion, without U.S.S.G. § 1B1.13 terminally ill clause consideration. Concepcion v. United States, No. 21-1650 (June 27, 2022).

It is clear that McCoy's (1) Possession of cocaine (1988) consolidated with (2) Sale of Cocaine (1989) are not, and never was, serious drug felonies or offenses as described by "manufacturing, distributing, or possessing with intent to manufacture or distribute a controlled substance required under Title 18 U.S.C. § 924(e)(2)(A)(ii), and because he never did 10 years or more imprisonment nor charged with possession of more than 28 or 280 grams of cocaine in the State of Florida as a recidivist. The most he did was 18 months supervised release at the age of 18 years old. As a juvenile. 21 U.S.C. § 802(57).

Therefore, under the First Step Act, neither conviction would qualify as a "serious drug offense."

POST-SENTENCING CONDUCT
----------------------

If this court concludes that the 95 prison infractions are worser reasons to deny McCoy's reduction than the United States Sentencing Guidelines 100:1 racially disparate ratio between crack and powder cocaine under mandatory maximum and minimum penalty regime pre-Booker, and the mandatory minimum sentence of life imprisonment and the 25 year sentence McCoy would receive if he was sentenced today for Conspiracy and Possession with intent to distribute and 50 or more grams of cocaine base, Crack under 21 U.S.C. § 841(b)(1)(A) and §

3.

851(a)(1) to grant his reduction, then the § 3553(a) is unconstitutional because the factors used to enhance McCoy was not given due process right to notice that the infraction were or could be used to increase his sentence beyond the mandatory minimum penalty of 5 years imprisonment without being submitted to the jury and proven beyond a reasonable doubt and returned in the verdict form. Burrage v. United States, 134 S.Ct. 187 L.Ed.2d 715 (2014)(Retroactive): Alleyne v. United States, 570 U.S. 99, 107-08, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), the Supreme Court held that, "a fact that increases a mandatory minimum sentence is an "element" of the offense". Therefore, a serious drug felony must be submitted to the jury and proven beyond a reasonable doubt. And in this case, it was not. So, the court exceeded the minimum penalty authorized by law when it imposed the mandatory minimum sentence of life imprisonment without release, instead of the 5 years minimum term of imprisonment as if the Fair sentencing Act (2010), made retroactive by the First Step Act (2018), had been in effect at the time of McCoy's offense.

Therefore, if not for the mandatory term of life imprisonment-which would not apply today-McCoy would have received a 25 year sentence and would have been released from prison 8 years ago. A mandatory minimum sentence would have been a term of in 25 years prison, 85% of which is 21 years and three months. That would have been the year 2012 as opposed to life. And if the mandatory minimum penalty is 5 years imprisonment and he would have receive that without the § 851(a)(1) enhancement, he would surely have been released 28 years ago. At that time, he would not have incurred any prison

4.

infractions that could be used to deny his First Step Act Relief. But for the imposed mandatory minimum penalty of life imprisonment without release and 10 years supervised release, he involuntarily received 95 prison infractions. These courts did not use prison disciplinary infraction under 18 U.S.C. § 3553(a) factors to deny compassionate release under the First Step Act of 2018. The law trumped. In other words, the LAW stands Supreme.

Therefore, this illegally enhanced sentence under the current laws, without due process, is enough for the judge to consider this extraordinary and compelling reasons to warrant a reduction of sentence under todays law.

CONCLUSION
----------

Wherefore, for the above stated reasons, Petitioner moves this hon. district court to consider the herein intervening cases as persuasive authority in determining to grant his compassionate release motion.

Respectfully,

*/s/ Reggie L. McCoy*
-------------------
Reggie L. McCoy

#11732-018

U.S.P. Atwater

P.O. Box 019001

Atwater, CA 95301

Date: August 9, 2022

5.

Certificate of Service

----------------------

I, Reggie L. McCoy, do certify and verify under the penalty of perjury that a true and correct copy of this motion was mailed on this 10th Day of August, 2022 to the following parties:

United States Attorney's Office

Maria Guzman

400 N. Tampa St. Suite 3200

Tampa, Florida 33602

Respectfully,

*/s/ Reggie L. McCoy*

----------------------

Reggie L. McCoy

311732-018

U.S.P. Atwater

P.O. Box 019001

Atwater, CA 95301