UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                                             CASE NO: 8:90-cr-132-CEH-CPT

REGINALD L. MCCOY
_____/

**ORDER**

This matter comes before the Court on Defendant Reginald McCoy's *pro se* Motion for Compassionate Release or Reduction in Sentence due to Unusually Long Sentence (Doc. 1269), filed on June 24, 2024. On July 12, 2024, Defendant filed an Amended Motion for Compassionate Release. Doc. 1272. In his motion and amended motion, Defendant requests a reduction in his sentence under 18 U.S.C. § 3582(c)(1) due to his unusually long sentence. On August 21, 2024, the Government filed a response in opposition. Doc. 1279. Because Defendant has not demonstrated that he exhausted administrative remedies, the Court will deny Defendant's Motions for Compassionate Release or Reduction in Sentence due to Unusually Long Sentence.

**I.     BACKGROUND**

On July 1, 1991, a jury found Defendant Reginald L. McCoy ("Defendant" or "McCoy") guilty of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 846, and one count of possession with intent to distribute 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(b)(1)(A). Docs. 398, 992-2. He faced a mandatory life sentence due to

the quantity of drugs involved and two prior cocaine convictions. The Court sentenced McCoy to life in prison. Doc. 992-2. McCoy is incarcerated at Atwater USP, in Atwater, California, is 54 years old, and is serving a life sentence. *See* https://www.bop.gov/inmateloc/ (last accessed Jan. 3, 2025).

On October 29, 2021, this Court denied Defendant's multiple motions seeking a reduction in his sentence under the First Step Act of 2018. *See* Doc. 1192. This ruling was affirmed on appeal. Docs. 1246, 1254. On April 26, 2022, the Defendant filed a *pro se* motion for compassionate release, arguing extraordinary and compelling reasons support a reduction in his sentence. Doc. 1208. The Government filed a response in opposition (Doc. 1215). After filing multiple supplements to his motion (Docs. 1212, 1219, 1228), Defendant filed a motion withdrawing his motion for compassionate release, which the Court granted. See Docs. 1231, 1232.

Now before the Court are McCoy's Motion and Amended Motion[1] for Compassionate Release based upon the November 2023 changes to the Sentencing Commission Guidelines policy statement in U.S.S.G. § 1B1.13, which expanded the categories recognized as extraordinary and compelling reasons for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Specifically, he seeks a reduction in his life sentence arguing that his sentence is unusually long and thus constitutes an extraordinary and compelling reason justifying compassionate release.[2] Additionally,

---

[1] The motions are the same, but the initial motion includes more attachments than the latter amended motion.

[2] McCoy relies primarily on the following example of an extraordinary and compelling circumstance:

McCoy argues that his youthful age at the time of his offense, his rehabilitative efforts, cataracts on his eyes, and sexual abuse by prison staff provide other extraordinary and compelling reasons to support a reduction in his sentence. The Court previously denied McCoy's requests for emergency consideration of the motions and/or for release until a ruling on the motions. *See* Doc. 1296.

The Government has filed a response in opposition arguing McCoy's motions should be denied because McCoy has failed to exhaust his administrative remedies. Doc. 1279. Next, the Government argues that the reasons McCoy relies upon to support a reduction in his sentence are not extraordinary and compelling. Finally, the Government submits that even if McCoy exhausted his administrative remedies and the Court found an extraordinary and compelling reason existed to support compassionate release, McCoy's motions should nevertheless be denied because McCoy remains a danger to the community and because the applicable sentencing factors in section 3553(a) weigh against release.

II.     **LEGAL STANDARD**

---

(6) Unusually Long Sentence-- If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6).

Pursuant to 18 U.S.C. § 3582(b), a judgment of conviction that includes a sentence of imprisonment "constitutes a final judgment and may not be modified by a district court except in limited circumstances." *Dillon v. United States*, 560 U.S. 817, 824 (2010) (internal quotations omitted). Those limited circumstances are provided under 18 U.S.C. § 3582(c). Effective December 21, 2018, section 603 of the First Step Act of 2018 amended section 3582(c)(1)(A) by adding a provision that allows incarcerated individuals to directly petition a district court for compassionate release. That provision now states:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, *or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c)(1) (italics reflecting amendment under First Step Act).

"Extraordinary and compelling reasons" that warrant a sentence reduction under § 3582(c)(1)(A) are exclusively defined by the United States Sentencing Guidelines' policy statement in U.S.S.G. § 1B1.13. *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021). Pursuant to an amendment that became effective on November 1, 2023, § 1B1.13(b) lists the following extraordinary and compelling reasons:

(1) Medical circumstances
(2) Age
(3) Family circumstances
(4) Victim of abuse
(5) Other reasons
(6) Unusually long sentence.

U.S.S.G. § 1B1.13(b). Each of these circumstances is further defined in the policy statement. The policy statement definitions are binding on courts in this Circuit. *Bryant*, 996 F.3d at 1262.

If the Court finds that one of the circumstances listed in 18 U.S.C. § 3582(c)(1)(A) is present, it must consider all applicable factors listed in 18 U.S.C. § 3553(a) before it may reduce a defendant's sentence.[3] *See* § 3582(c)(1)(A); *United States*

---

[3] These factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training,

*v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021) ("[A] district court need not analyze the § 3553(a) factors if it finds either that no extraordinary and compelling reason exists or that the defendant is a danger to the public.").

## III. DISCUSSION

### A. Administrative Exhaustion

Under 18 U.S.C. § 3582(c)(1), a defendant must exhaust administrative remedies with the Bureau of Prisons prior to filing a motion for compassionate release. "Section 3582(c)(1)(A) unambiguously provides that a defendant may either move for compassionate release after the defendant has fully exhausted administrative remedies *or* 'the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.'" *United States v. Smith*, 482 F. Supp. 3d 1218, 1223 (M.D. Fla. 2020) (emphasis in original) (quoting 18 U.S.C. § 3582(c)(1)(A)). In neither of McCoy's motions does he represent that he first submitted a request to the warden of the facility where he is incarcerated. According to the Government's response, no request was made by McCoy at the institutional level. Doc. 1279 at 4. McCoy filed a reply (Doc. 1285) to the Government's response, but he does not respond to the administrative exhaustion argument nor otherwise demonstrate that he

---

medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

has satisfied this requirement. Accordingly, McCoy's motions are due to be denied for failing to exhaust administrative remedies by first submitting his compassionate release request to the warden of Atwater USP.

### B. Danger to Community and Section 3553(a) Factors[4]

Even if McCoy were able to satisfy administrative exhaustion, the record reflects he is still a danger to the community and the Section 3553(a) factors weigh against a sentence reduction. The Government attaches to its response McCoy's lengthy disciplinary record, with violations occurring as recently as 2023. Doc. 1279-1. McCoy's excessive disciplinary infractions, as well as the nature of those infractions, demonstrate that he is still a danger to the community and that he lacks respect for the law.

According to McCoy's motion, since his incarceration he enrolled in the Challenge Program but did not complete it. Docs. 1269 at 12; 1272 at 12. However, he did complete the SMU program, which helped him to explore the things in life that caused him to morally deviate. *Id.* The program involved attending programs, completing assessments, and demonstrating treatment progress in order to advance to the next phase of the program. *Id.* The Court commends McCoy in his efforts to rehabilitate himself and encourages him to continue to do so.

---

[4] The Court does not, and need not, reach, the issue as to whether McCoy demonstrates the existence of an extraordinary and compelling reason because McCoy failed to exhaust administrative remedies and the Court has determined that he remains a danger to the community and/or that the section 3553(a) factors weigh against a reduction in his sentence. *See* § 3582(c)(1)(A); *United States v. Giron*, 15 F.4th 1343, 1347–48 (11th Cir. 2021).

7

McCoy also attaches to his motion statements from community members offering their support of him and their assessment of his good character and maturity. However, McCoy's disciplinary infractions while incarcerated demonstrate otherwise. While well-meaning, the members of his community may not be privy to his conduct while incarcerated and thus unaware of the potential danger he poses. To his credit, his disciplinary infractions appear less frequent and violent in recent years. The Court again encourages McCoy to continue this trend with a goal of eliminating any future infractions.

Having carefully reviewed the filings and considering the totality of the circumstances, even if McCoy could satisfy administrative exhaustion and demonstrate an extraordinary and compelling reason to support compassionate release, the Court finds the Section 3553(a) factors counsel against a reduction in sentence at this time.

Accordingly, it is hereby

**ORDERED**:

1. Defendant's Motion for Compassionate Release or Reduction in Sentence due to Unusually Long Sentence (Doc. 1269) is **DENIED**.

2. Defendant's Amended Motion for Compassionate Release (Doc. 1272) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 3, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Reginald McCoy, *pro se*