UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:90-cr-132-CEH-CPT

REGINALD L. MCCOY
_____/

# ORDER

This matter comes before the Court on Defendant's *pro se* Motion for Appointment of Psychologist and Forensic Chemist (Doc. 1241). In the motion, Defendant requests the Court appoint a licensed clinical psychologist to evaluate and examine him to determine if he poses a threat to the public and to appoint a forensic chemist to conduct a drug analysis and determine whether the 2,848.5 grams of crack cocaine was a controlled substance under federal law. Also pending is Defendant's *pro se* Motion to Correct Clerical Error (Doc. 1243). The Court, having considered the motions and being fully advised in the premises, will deny Defendant's motions.

## DISCUSSION

Defendant, Reginald McCoy, is serving a life sentence having been found guilty of conspiracy to possess with intent to distribute cocaine base and possession with intent to distribute cocaine base. He faced a mandatory life sentence due to the quantity of drugs involved and two prior felony cocaine convictions. He has appealed, to no avail, various aspects of his conviction and sentence, including requesting to file successive § 2255 motions and for compassionate release. Now before the Court is

another attempt by Defendant to challenge his conviction and sentence. Specifically, Defendant requests the Court appoint (1) a licensed psychologist to evaluate him to determine if he is a danger to society, and (2) a forensic chemist to perform a drug analysis of the crack cocaine involved in this case. He states he wants this information to seek relief under a successive § 2255 motion. Defendant fails to cite to any authority to support the relief he requests, and, as noted above, he has already been denied multiple requests to file successive Section 2255 motions. *See* Doc. 1247, 1290, 1292. Finally, to the extent that he needs a clinical psychologist, the facility at which he is detained has medical services available from which he should first seek relief.

Regarding Defendant's motion to correct a "clerical error," the Court first notes that the relief Defendant seeks is not a "clerical" change but rather a substantive change. Defendant requests his state court criminal convictions be re-classified as misdemeanors. While Fed. R. Crim P. 36 allows a court to correct a clerical error in a judgment, order, or other part of the record that arises from oversight or omission, the change Defendant requests here is not merely an oversight. He seeks a reclassification of his prior felony convictions because of the resulting enhancement effect the prior convictions had on his sentence for the federal crime.[1] Such challenges should have been raised in an appeal or in his Section 2255 motion.

Accordingly, it is hereby

---

[1] In one of Defendant's recent appeals, the Eleventh Circuit noted that the Government, prior to trial, had filed a notice under 21 U.S.C. § 851 giving Defendant notice that he was subject to an enhanced statutory sentence based on his prior felony drug convictions. Doc. 1246 at 5; *see also* Doc. 992 at 27 (referencing Doc. 249 Government's Notice of Prior Convictions).

2

**ORDERED**:

1. Defendant's Motion for Appointment of Psychologist and Forensic Chemist (Doc. 1241) is **DENIED**.

2. Defendant's Motion to Correct Clerical Error (Doc. 1243) is **DENIED**.

**DONE AND ORDERED** in Tampa, Florida on January 9, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Reginald McCoy, *pro se*