UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:90-cr-132-CEH-CPT

REGINALD L. MCCOY
_____/

## ORDER

This matter comes before the Court on Defendant Reginald McCoy's "Motion to Reopen Final Judgment Order Denying Section 2255 Habeas Corpus Proceedings Under Fed. R. Civ. P. 60(b)(3) or Writ of *Audita Querela*" (Doc. 1297). To support this motion, Defendant filed two supplemental motions seeking appointment of counsel and to provide supplemental briefing. Docs. 1306, 1307. Also pending are multiple motions filed by Defendant seeking relief from judgment under Federal Rule of Civil Procedure 60: Motion for Relief from Final Judgment/Orders Pursuant to Fed. R. Civ. P. Rule 60(b)(3),(6) (Doc. 1253); "Motion for Relief from Final Judgment Order Denying Docket No. 1275, 1786 and striking Docket No. 1273 and 1276 Pursuant to Fed. R. Civ. P. Rule 60(a), (b)(6)" (Doc. 1303); and Motion to Correct Defective Criminal Judgment Fed. R. Civ. P. 60(b)(6) (Doc. 1308). Defendant also files a Motion (Doc. 1293) to Supplement his Motion for Relief from Final Judgment at Doc. 1253 with a Request for Appointment of Counsel. The Court, having considered the motions and being fully advised in the premises, will deny Defendant's motions.

## DISCUSSION

I. **Motion to Reopen Final Judgment Order Denying Section 2255 Habeas Corpus Proceedings Under Fed. R. Civ. P. 60(b)(3) or Writ of *Audita Querela* (Doc. 1297)**

In his motion at Doc. 1297 filed in his criminal case, Defendant seeks to reopen his Section 2255 habeas corpus proceedings under Federal Rule of Civil Procedure 60(b) or to obtain relief through a writ of *audita querela*. Neither Rule 60, nor a writ, provide Defendant with the relief he seeks. The Court will address the latter argument first and address Federal Rule of Civil Procedure 60 in Section (III) below.

A writ of *audita querela* is a common law writ the court can issue through the All Writs Act. 28 U.S.C. § 1651; *United States v. Morgan*, 346 U.S. 502, 506 (1954). A writ of *audita querela* was traditionally used to "attack the enforcement of a judgment after it was rendered." *United States v. Holt*, 417 F.3d 1172, 1174 (11th Cir. 2005) (quoting Black's Law Dictionary 126 (7th ed.1999)). To decide whether a party can seek a remedy under the All Writs Act, the court must determine whether the remedy sought is available under a statute. *Carlisle v. United States*, 517 U.S. 416, 429 (1996). Indeed, the U.S. Supreme Court stated that "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Carlisle*, 517 U.S. at 429 (1996) (citing *Pennsylvania Bureau of Correction*, 474 U.S. at 43 (1985)). Pertinent here, the Eleventh Circuit has held that a post-conviction challenge based on retroactive application of a Supreme Court decision is within the bounds of 28 U.S.C. § 2255. *United States v. Arevalo*, 368 F. App'x 957, 959 (11th Cir. 2010); *Holt,* 417 F.3d

2

at 1175 ("a writ of *audita querela* may not be granted when relief is cognizable under § 2255").

Defendant seeks post-conviction relief due to a change in the law that determined the length of his sentence. Doc 1297 at 4. He contends that the ruling in *United States v. Booker*, 543 U.S. 220 (2005), changed the legal circumstances of his sentencing guidelines and warrants relief through a writ of *audita querela*. *Id*. at 4-5. If, as Defendant argues, his Constitutional rights were violated by his sentencing, the proper motion is a writ of *habeas corpus* under 28 U.S.C. § 2255. *Arevalo*, 368 F. App'x at 958. Defendant has previously filed a § 2255, and his motion makes clear that he does not want the Court to consider this a successive *habeas* claim. Doc. 1297 at 1. Even if McCoy wanted the Court to consider his request under § 2255, since he previously filed a § 2255 claim, he would need a Certificate of Appealability from the Eleventh Circuit as this would be his second or successive claim. 28 U.S.C. § 2244(b)(3)(A); *Arevalo*, 368 F. App'x at 958. Because Defendant's claim is cognizable as a § 2255 petition, he cannot claim relief through a writ of *audita querela*. Defendant's motion (Doc. 1297) on this basis is due to be denied.

**II.   Supplemental Motions (Docs. 1306, 1307) Related to *Audita Querela* Motion**

The Court has considered the cases Defendant cites in his supplemental *audita querela* motion (Doc. 1307), but they do not alter the Court's *audita querela* analysis or conclusion above. In *Seabrooks v. United States*, 32 F.4th 1375, 1378 (11th Cir. 2022), the Eleventh Circuit held that the district court erred in not retroactively applying a

3

Supreme Court case to the defendant's § 2255 claim. *Seabrooks*, 32 F.4th at 1382. Rather than advancing Defendant's argument, *Seabrook* reaffirms that Defendant's claim would be properly brought under § 2255. *Seabrooks*, 32 F.4th at 1382. *Seabrooks* also does not support Defendant's retroactivity argument because here, unlike the case in *Seabrooks*, 32 F.4th at 1383, Defendant is seeking retroactive application of a case regarding criminal procedure. Doc 1297 at 4-5; *see Varela v. United States*, 400 F.3d 864, 868 (finding that *Booker* does not apply retroactively to collateral challenges).

Additionally, Defendant cites *United States v. Garcia*, 740 F. Supp. 3d 1105 (D.N.M. 2024), a district court case from the Tenth Circuit in which a defendant was granted a writ of *audita querela* due to events arising after his conviction. *Id.* at 1110. However, the defendant in *Garcia* was not in custody, which made § 2255 unavailable to him. *Id.* The cases in Defendant's supplemental motion (Doc. 1307) do not change the Court's conclusion that a writ of *audita querela* does not provide Defendant the relief he seeks.

Defendant also files a supplemental motion to request appointment of counsel to aid his *audita querela* claim. Doc. 1306.[1] The right of an indigent defendant to government-appointed counsel emanates from (1) the Fifth Amendment's protection of "fundamental fairness," (2) the Sixth Amendment's guarantee of counsel during "critical stages of criminal prosecution," and (3) under circumstances outlined in 18

---

[1] Although the title of Defendant's motion at Doc. 1307 also makes a "Request for Appointment of Counsel," the motion includes no argument or legal authority supporting this request. To the extent Doc. 1307 could be considered a valid motion for the appointment of counsel, the motion is denied for the same reasons the Court denies the motion at Doc. 1306.

U.S.C. § 3006A. *United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021). Defendant's supplemental motion indicates that he seeks appointment of counsel through the protection of the Fifth Amendment. Doc. 1306 at 2. He argues the Court should appoint counsel to assist with his motion for *audita querela* and "award Petitioner his rights to due process." *Id*.

Supreme Court and Eleventh Circuit precedent do not support Defendant's request for appointment of counsel. Significantly, the Supreme Court stated in *Pennsylvania v. Finley*, 481 U.S. 551 (1987), "[w]e have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions." *Id.* at 555 (1987). Relevant to Defendant's mention of Due Process, the Eleventh Circuit also found that denying the appointment of counsel on a post-conviction motion did not result in a fundamentally unfair proceeding that would implicate a defendant's Due Process rights. *See United States v. Johnson*, 842 F. App'x 402, 405 (11th Cir. 2021) (holding that denial of appointment of counsel in a successive § 2255 was not fundamentally unfair). Defendant's *audita querela* motion does not warrant a right to counsel through the Due Process Clause of the Fifth Amendment or otherwise. His requests for counsel are due to be denied.

### III. Motion for Relief from Final Judgment and/or to Correct Criminal Judgment Under Fed. R. Civ. P. Rule 60 (Docs. 1253, 1297, 1303)

The Federal Rules of Civil Procedure do not apply to criminal cases, and specifically the Eleventh Circuit has held that "Rule 60(b), [of the Federal Rules of Civil Procedure] simply does not provide for relief from judgment in a criminal case."

5

*United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003); *see also, United States v. Qazi*, No. 22-14033, 2023 WL 7127514, at *2 (11th Cir. Oct. 30, 2023). Accordingly, Defendant's motion filed in his criminal case that Fed. R. Civ. P. 60(b)(6) provides a basis for relief on his motion to reopen final judgment in his habeas corpus proceedings (Doc. 1297) is without merit.

Similarly, Defendant's motion for relief from judgment/orders (Doc. 1253) under Federal Rule of Civil Procedure 60(b)(3) and (6) is due to be denied because Rule 60(b) cannot provide relief from a criminal judgment. In that motion, Defendant requests the Court to review two-and-one-half years of docket entries from July 2021 through December 2023 because of alleged misrepresentations and fraud by his counsel in connection with Defendant's motions for a reduction in his sentence under Section 404(b) of the First Step Act of 2018. The Eleventh Circuit has fully addressed McCoy's First Step Act challenges in its December 20, 2023 order affirming this Court's denial of Defendant's motion under § 404(b) of the First Step Act. *See* Doc. 1246. Defendant fails to demonstrate that Federal Rule of Civil Procedure 60 otherwise provides him relief on this motion. Defendant additionally moves for appointment of counsel for his motion at Doc. 1253. *See* Doc. 1293. His request for counsel is due to be denied. *See Finley*, 481 at 555 (holding that prisoners do not have a constitutional right to counsel when mounting collateral attacks upon their convictions).

Rule 60 of the Federal Rules of Civil Procedure also does not provide Defendant relief for his motion to vacate (Doc. 1303) the Court's Order at Doc. 1296. To the

6

extent that motion intended to seek reconsideration of the prior order, the request is also due to be denied. The Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration. However, both the Supreme Court and the Eleventh Circuit Court of Appeals have permitted parties to file motions for reconsideration in criminal cases. *See United States v. Phillips*, 597 F.3d 1190, 1199–1200 (11th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6–8 (1991)). In deciding motions for reconsideration in criminal cases, courts have used the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59. *See United States v. Hammoud*, Case No. 8:04-cr-JDW-MAP, 2012 WL 13176320, at *1 (M.D. Fla. Sept. 13, 2012). However, even considering Defendant's motion under Rule 59(e), the motion fails. Motions for reconsideration under Rule 59(e) are appropriate only where there is newly-discovered evidence, or a need to correct a manifest error of law or fact. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) ("The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact.") (brackets in original).

In the Court's prior Order (Doc. 1296), the Court denied Defendant's request to reopen his previously filed motion for compassionate release because he had filed a subsequent motion for compassionate release which cited the new November 2023 amendments. The Court's Order also struck unauthorized supplements filed by

Defendant including community statements of support.[2] Defendant demonstrates no error in the Court's prior ruling or any basis to support reconsideration of that ruling.

Finally, in his motion filed May 5, 2025, Defendant again seeks relief under Federal Rule of Civil Procedure 60(b) to correct what he asserts is a defective criminal judgment. Doc. 1308. As noted above, Rule 60(b) does not provide relief from a criminal judgment. Moreover, the Court previously considered and rejected Defendant's argument under Federal Rule of Criminal Procedure 36 which allows a court to correct a clerical error in a judgment, finding no oversight, omission, or error occurred. *See* Doc. 1301 at 2.

In his motion, Defendant argues the 1991 Judgment erroneously omits subsection (b)(1)(A)(iii) and instead cites only to 21 U.S.C. § 841(a)(1). Doc. 1308 at 2. For that reason, he claims his Judgment is defective. Defendant's motion is factually and legally without merit. In a superseding indictment, a Grand Jury charged McCoy and others with conspiracy to possess with intent to distribute a quantity of 50 grams or more of cocaine base, in violation of 21 U.S.C. § 841(a)(1), all in violation of 21 U.S.C. § 846. Doc. 992-1. In Count II of the superseding indictment, he was charged with possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). Following a jury trial Defendant was found guilty on counts one and two of the superseding indictment. The Judgment reflects Defendant was adjudged guilty for the offenses as charged under 21 U.S.C. § 841(a)(1). Section

---

[2] The Court's Order (Doc. 1299) on his subsequent motions for compassionate release referenced and considered the community member statements.

841(a)(1) makes it unlawful for any person to knowingly or intentionally "(1) to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." 21 U.S.C. § 841(a)(1). Defendant's reference to subsection (b)(1)(A)(iii) of Section 841 is the penalty portion of that statute. Defendant fails to cite authority to the Court to support a defect in the judgment for failure to include the penalty subsection in his 1991 Judgment.

Accordingly, it is

**ORDERED**:

1. Defendant's Motion for Relief from Final Judgment/Orders Pursuant to Fed. R. Civ. P. Rule 60(b)(3), (6) (Doc. 1253) is **denied**.

2. Defendant's Motion to Reopen Final Judgment Order Denying Section 2255 Habeas Corpus Proceedings Under Fed. R. Civ. P. Rule 60(b)(3) or Writ of *Audita Querela* (Doc. 1297) is **denied**.

3. Defendant's Motion for Relief from Final Judgment Order Denying Docket No. 1275, 1786 and striking Docket No. 1273 and 1276 Pursuant to Fed. R. Civ. P. Rule 60(a), (b)(6) (Doc. 1303) is **denied**.

4. Motion to Supplement Motion for Relief from Final Judgment with Request for Appointment of Counsel (Doc. 1293) is **denied**.

5. Motion to Appoint Counsel in Support of Petition for Writ of *Audita Querela* (Doc 1306) is **denied**.

6. Motion to Appoint Counsel and Second Supplement to Petition (Doc 1307) is **denied**.

7. Defendant's Motion to Correct Defective Criminal Judgment (Doc. 1308) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on September 11, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Reginald McCoy, pro se