UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:90-cr-132-CEH-CPT

REGINALD L. MCCOY
_____/

**ORDER**

This matter comes before the Court on Defendant Reginald McCoy's Motion for Grand Jury Transcripts (Doc. 1265). In the motion, Defendant requests copies of all grand jury transcripts pursuant to Federal Rule of Criminal Procedure 6(a) and 6(b)(2). The Court, having considered the motion and being fully advised in the premises, will deny Defendant's Motion for Grand Jury Transcripts.

**DISCUSSION**

Defendant Reginald McCoy is currently serving a life sentence following a jury's July 1, 1991 verdict finding him guilty of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and one count of possession with intent to distribute 50 grams or more of cocaine base. Doc. 992-2. Defendant now files a motion requesting all grand jury minutes and hearing transcripts because he believes "there were several jurors that lacked legal qualifications" and "there was not 12 jurors during sessions or proceedings." Defendant's motion is due to be denied.

The secrecy of a Grand Jury's proceedings is backed by important policy rationales, and as such "courts have been reluctant to lift unnecessarily the veil of

secrecy" surrounding these proceedings. *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979). The Supreme Court has held that where a defendant requests such secrecy to be lifted, they must show that "the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for continued secrecy, and that their request is structured to cover *only material so needed*." *Id.* at 222 (emphasis added). With a focus on this third factor, courts require such requests to be made "with particularity" so that they may lift the veil of secrecy surrounding Grand Jury proceedings "discretely and limitedly." *Id.* at 221. Here – in a three-sentence motion – McCoy appears to request access to the entire Grand Jury transcript, basing the need for disclosure on general doubts about some juror's qualifications. Doc. 1265. As the 11th Circuit articulated in *United States v. Aisenberg*, "blanket [requests] for *all* . . . Grand Jury materials" are not particular enough to outweigh the important secrecy that protects those materials. 358 F.3d 1327, 1349 (11th Cir. 2004) (quoting *United Kingdom v. United States*, 238 F.3d 1312, 1321 (11th Cir. 2001)). Because McCoy's motion is a blanket request, it fails. Accordingly, it is hereby **ORDERED**:

    1.    Defendant's Motion for Grand Jury Transcripts (Doc. 1265) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on September 11, 2025.

Charlene Edwards Honeywell
United States District Judge

Copies to: Counsel of Record and Reginald McCoy, pro se