UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 8:90-cr-132-CEH-CPT

REGINALD L. MCCOY
_____/

**ORDER**

This matter comes before the Court on Defendant Reginald McCoy's letter to the Clerk of Court to Reopen the Time to File a Direct Appeal, which the Court construes as a Motion for Extension of Time to file a Notice of Appeal (Doc. 1257). In a letter directed to the Clerk of Court, Defendant requests the Clerk reopen the time for filing a direct appeal "because there was a prejudicial joinder of claims" and "because McCoy was prejudiced by being denied his right to appeal his 'age' as an issue on direct appeal." The Court, having considered the motion and being fully advised in the premises, will deny Defendant's construed motion for extension of time to file a notice of appeal.

**DISCUSSION**

Defendant Reginald McCoy is currently serving a life sentence following a jury's guilty verdict and Judgment entered July 2, 1991. Doc. 992-2. McCoy filed an initial notice of appeal on July 11, 1991. *See* Doc. 992 at 457. Now before the Court is McCoy's request to reopen the time for him to file a direct appeal. Doc. 1257. In support, he contends that an in camera hearing was ordered to determine whether

McCoy should be tried as a juvenile under 21 years of age. He claims he was certified by the Attorney General as an adult prior to entry of judgment and no further notice was given. He argues he was prejudiced by being denied the opportunity to raise his age as a basis for appeal.

The Federal Rules of Appellate Procedure provide that a district court may extend the time in which certain acts may be done. Relevant here, Fed. R. App. P. 26 provides "[f]or good cause, the court may extend the time prescribed by these rules or by its order to perform any act, or may permit an act to be done after that time expires. But the court may not extend the time to file: (1) a notice of appeal (except as authorized in Rule 4) or a petition for permission to appeal." Fed. R. App. P. 26(b)(1).

Under Rule 4, a criminal defendant is required to file a notice of appeal within fourteen days after the entry of the judgment appealed. Fed. R. App. P. 4(b)(1)(A). "Rule 4 also allows a district court to 'extend the time to file a notice of appeal for a period *not to exceed [thirty] days* from the expiration of the time otherwise prescribed" by the rule "[u]pon a finding of excusable neglect or good cause." *United States v. Earlycutt*, No. 21-10973, 2023 WL 33737, at *1 (11th Cir. Jan. 4, 2023) (citing Fed. R. App. P. 4(b)(4) (emphasis in original)). The Court need not reach the issue of whether there has been a showing of excusable neglect or good cause because McCoy's motion to extend the time to file a direct appeal, filed more than 34 years after entry of judgment, is untimely.

Accordingly, it is hereby

**ORDERED**:

1.  Defendant's letter motion to the Clerk to Reopen Time to File a Direct Appeal, which the Court construes as a Motion for Extension of Time to file a Notice of Appeal, (Doc. 1257) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on September 12, 2025.

*Charlene Edwards Honeywell*
Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Reginald McCoy, pro se