UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v. CASE NO: 8:90-cr-132-CEH-CPT

REGINALD L. MCCOY
__________________________________/

# ORDER

This matter comes before the Court on Defendant Reginald McCoy's Motion to Supplement Compassionate Release Motion with State Prior Records. Doc. 1393. In his motion, McCoy seeks to supplement his motion for compassionate release with copies of his state court criminal records from 1988 and 1989 to "show the court he was not sentenced to a term exceeding a year in the state of Florida," *id.* at 1, which he argues would therefore not qualify as predicate offenses for the enhancement of his federal sentence. Upon consideration, the Court will deny McCoy's motion to supplement.

## DISCUSSION

Defendant Reginald McCoy ("Defendant" or "McCoy") was sentenced on July 1, 1991 to life in prison, following a jury's verdict finding him guilty of one count of conspiracy to possess with intent to distribute 50 grams or more of cocaine base and one count of possession with intent to distribute 50 grams or more of cocaine base. Doc. 992-2. At the time of his sentencing, McCoy was subject to an enhanced statutory

sentence based on his prior felony drug convictions. Throughout his incarceration, McCoy has filed various motions seeking a reduction in his sentence.

McCoy seeks to supplement his pending motion for compassionate release (Doc. 1357) to provide the Court with copies of his state court criminal records. McCoy argues that because he served less than one year in prison for the state court drug offenses, his convictions could not qualify as "felonies" for purposes of determining an enhancement on the federal charges. In essence, McCoy seeks to use the state court records to challenge his federal sentence as improperly enhanced. He argues that the state court records support his position that extraordinary and compelling circumstances exist to support a reduction in his sentence.

The Supreme Court recently reiterated that a petitioner's challenge to the validity of his conviction is not cognizable under the compassionate release statute. *See Fernandez v. United States*, 608 U.S. ---, 146 S. Ct. 1292 (2026). Rather, the Court noted that "[c]ollateral attacks on federal convictions are governed by 28 U.S.C. § 2255, which imposes tight procedural constraints." *Id.* at 1300. To permit a petitioner to challenge the validity of his conviction through a compassionate release motion "circumvents the exacting requirement of § 2255." *Id.* at 1301. Further, as reflected by the statute's name—"Compassionate Release"—the focus of § 3582(c)(1)(A) is in granting mercy rather than righting legal wrongs. *Fernandez,* 146 S. Ct. at 1303.

As the information McCoy seeks to supplement the record with directly relates to a collateral attack on his conviction and sentence, the information is irrelevant to

and unnecessary for the Court in considering Defendant's pending compassionate release motion. Accordingly, it is hereby

**ORDERED**:

1. Defendant Reginald McCoy's Motion to Supplement Compassionate Release Motion with State Prior Records (Doc. 1393) is **denied**.

**DONE AND ORDERED** in Tampa, Florida on July 21, 2026.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record
Reginald McCoy, pro se